**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

RONNIE HILL, JR,              *
                                        *
             Plaintiff,       *
v.                              *
                                        *
MARTIN O'MALLEY,       *       No. 3:23-cv-00231-JJV
Commissioner,              *
Social Security Administration,  *
                                        *
             Defendant.     *

## MEMORANDUM AND ORDER

Ronnie Hill, Jr., Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because Plaintiff has the residual functional capacity (RFC) to perform work at all exertional levels, but is limited to simple repetitive work with occasional interaction with coworkers, supervisors, or the public, and jobs existed in significant numbers that fit this RFC. (Tr. 10-18.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint is DISMISSED.

Plaintiff was twenty-two years old at the time of the administrative hearing.  (Tr. 37.)  He has a high school diploma, (Tr. 39), but has no past relevant work.  (Tr. 16.)

The ALJ[1] first found Mr. Hill had not engaged in substantial gainful activity since September 24, 2020 – the application date.  (Tr. 12.)  He has a "severe" impairment in the form of neurocognitive disorder.  (*Id*.)  The ALJ further found Mr. Hill did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 12-13.)

As previously stated, the ALJ determined Mr. Hill had the RFC to perform work at all exertional levels, but is limited to simple repetitive work with occasional interaction with coworkers, supervisors, or the public.  (Tr. 14.)  The ALJ determined Mr. Hill could no longer perform his past work, so he utilized the services of a vocational expert to determine if jobs existed

---

[1]  The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

that Plaintiff could perform despite his impairments.  (Tr. 136-139.)  Based in part on the testimony of the vocational expert, the ALJ determined Mr. Hill could perform the jobs of janitor, laundry worker, or garment hanger despite his limitations.   (Tr. 17.)   Accordingly, the ALJ determined Mr. Hill was not disabled.  (Tr. 17-18.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of his Complaint, Mr. Hill argues that the ALJ's RFC assessment was flawed. (Doc. No. 10 at 31-42.)   Specifically, Plaintiff says, "Hill suffers from lifelong cognitive deficits. The ALJ found that these deficits only limit him to simple work and occasional contact with others. The ALJ's meager limitations are not supported by Hill's educational history, daily activities, and medical records. The record shows that Hill's limitations are far more substantial than found by the ALJ." (*Id.* at 31.)

By way of medical evidence, Plaintiff largely relies on an examination by his family practice doctor, Sumner R. Cullom, M.D.  Dr. Cullom provided a Medical Source Statement – Mental.  (Tr. 788-790.)  Plaintiff also submitted a treatment record from Dr. Cullom whereby he states Mr. Hill is extremely limited.  He says:

> He cannot prepare food even with a microwave. He does not have a sensation of hot and cold. He does feed himself once the food has been prepared. He can shower alone. He cannot clean his glasses secondary to Brown Sheath Syndrome. The patient is unable to get a job and work with other people. He cannot fulfill tasks on his own. He is normally a mild tempered young man, but has an explosive temper when he gets frustrated. He has difficulty expressing himself to others. Therefore he has little communication with anybody other than his mother.

(Tr. 792.)

3

The ALJ found Dr. Cullom's opinions to be unpersuasive.  In his opinion, the ALJ said:

> The undersigned finds the opinion of Dr. Cullom unpersuasive. He opines that the claimant has extreme limitation in all but one mental function, and notes that he would miss more than 3 days per month (Exhibit 30F/4). This opinion is completed on a check box form with minimal supporting explanation. Further, per the hearing testimony, this doctor only treats the claimant once per year, and is not a mental health specialist. Additionally, extreme limitation is inconsistent with the claimant's ability to graduate high school with good grades, drive a car, and perform household chores as discussed above. Therefore, this opinion is entirely unpersuasive.

(Tr 15.)

After hearing from Mr. Hill at some length during the administrative hearing, the ALJ also said:

> We spent a long time talking with each other about your life. Counselor, I'm going to be very honest with you. I'm very troubled by Dr. Cullom, a general physician, and his findings as to Mr. Hill. He found him at extreme in every area of social life. Are you aware of that? . . . There was one. There was one area out of the whole list. Everything else was . . . extreme, and this individual made all As and Bs in school and regular classes with some assistance on tests. And he even said -- Cullom said he couldn't even use a microwave, and this individual is cooking bacon and eggs, and baking biscuits for breakfast, drives a car. It just -- what Dr. Cullom says just doesn't make sense. And he said that this individual couldn't work, because he would miss more than three days a month when he went to school on a consistent basis.

(Tr. 75.)

After carefully reviewing Mr. Hill's testimony and the overall evidence of record, I find no error with the ALJ's RFC assessment.  Mr. Hill's testimony as well as his mother's well supports the ALJ's assessment that he can perform work that is limited to simple repetitive work with occasional interaction with coworkers, supervisors, or the public.  As the ALJ correctly found:

> The available records do reflect that he has a full scale IQ of 70 (Exhibit 27F/19). However, his grades in school were noted to be above average (Exhibit 23F/55). According to his mother's testimony, the claimant was no longer in special education classes when he graduated high school. Despite that, he was able to

graduate with A's in all of his classes his senior year (Exhibit 23F/3). Testing has shown only subclinical levels of hyperactivity or impulsivity (Exhibit 13F/11). He can also drive a car, which requires a good ability to pay attention (Exhibit 5E/4). Further, the hearing testimony indicates that he can get food for himself and perform household chores. His judgment is noted to be normal (Exhibit 17F/5). There are no notations of decreased insight. He can also manage basic finances for himself (Exhibit 5E/4). His mother testified that the claimant does not tend to initiate interactions. However, he was able to respond appropriately to questions at the hearing. His records also describe him as being pleasant (Exhibit 13F/15, 23F/48). The undersigned acknowledges the request for an update intellectual assessment. However, since a decline in cognitive function since his graduation from high school has not been alleged, there is no reason to suspect that the earlier assessments are not reliable in assessing his current cognitive functioning.

(Tr 15.)

Plaintiff's mother also testified about a job the Plaintiff had performed and reported, "I think he can physically do the job.  It's the mental part."  (Tr. 122.)  She went on to explain that this job did not work out because:

It's the stress out with the, you know, him worried about people talking about him. It was him worried about, you know, people telling him, you know, all these different jobs, and him not being able to figure out, you know, who he's supposed to be listening to. And, you know, he -- you know, feeling like people were talking about him, and people were giving him different directions, and he didn't want to get in trouble, because he didn't want to, you know, not do his job, but he also didn't want to do somebody else's job and get in trouble for that.

(*Id*.)

But his mother's explanation supports the ALJ's RFC assessment.  It appears to me that, had Mr. Hill not been working at a job with unclear instructions where people were giving him different directions, and instead worked where he received "simple repetitive work with occasional interaction with coworkers, supervisors, or the public," he would have succeeded.

Plaintiff faults the ALJ for noting he did not receive psychological or psychiatric treatment. (Doc. No. 10 at 39.)  Plaintiff expounds, "The ALJ recognized that Hill's cognitive disorder 'would be expected to persist over time' (ALJ's decision at 15), but held it against Hill that he does not

receive treatment for the condition. People don't get better or recover from a cognitive disorder. There is no treatment or "smart pill" that can cure the condition." (*Id.*) Plaintiff makes a good point. But I fail to find this is reversible error. The ALJ did a thorough job and fairly considered all of the evidence or record. I find no reason to send this case back to the Commissioner on this ground.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Mr. Hill's counsel has done an admirable job advocating for him. But, as the Commissioner correctly points out, (Doc. No. 12 at 1), it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERD that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 15th day of April 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE